## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

BEST BAKED GOODS, INC. d/b/a MAINSTREET GOURMET BAKERY, including all of its officers, directors, representatives, shareholders, owners, agents and employees, JOHN T. GERECS, including his heirs, representatives, attorneys, successors, and assigns, EDWARD GERECS, including his heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants"), and JEANNE PAUL, including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of her employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Any Broward County Code; any and all other claims related in any way to Jeanne Paul's employment and/or association with the Defendants, and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled JEANNE PAUL V. BEST BAKED GOODS, INC. d/b/a MAINSTREET GOURMET BAKERY, INC., ETC., ET AL. Case No.: 0:16-cv-60881-KMW pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for a total of Eight Thousand Five Hundred Dollars and no Cents ($8,500.00), representing *all* damages, including liquidated damages, as well as all attorney's fees and costs incurred on behalf of Plaintiff in the Litigation, which shall be delivered to Plaintiff counsel's office, Bober & Bober, P.A. 1930 Tyler Street, Hollywood, FL 33020 within 10 days from the date of delivery of this Agreement signed by Plaintiff to Defendants' counsel, as follows:



a.  One check in the amount of $2,256.08, less applicable withholdings, issued to "Jeanne Paul" as wage payment for which a form W-2 shall issue;

b.  A second check in the amount of $2,256.08, issued to "Jeanne Paul" as payment for liquidated damages and any other damages, for which a form 1099 shall issue; and

c.  A third check in the amount of $3,987.84, representing all attorney's fees and costs incurred, issued to Bober & Bober, P.A. for which a form 1099 shall issue. The amount of $3,987.84 is inclusive of $507.84 in costs incurred by Plaintiff's counsel.

Prior to and as a condition for payment pursuant to subparagraphs a. and b., above, Jeanne Paul shall complete and provide to Defendants' counsel new IRS Forms W9 and W4. It further is acknowledged that Bober & Bober, P.A. has provided an IRS W9 form to Defendants' counsel.

All payments pursuant to this Paragraph shall be held in trust and not disbursed until after the Court has entered an order approving the terms of this settlement agreement and dismissing the case with prejudice pursuant to Paragraph 3, below.

In the event the Court does not approve the terms of this Settlement Agreement and does not dismiss this case after submission pursuant to Paragraph 4, below, as a result of the allocation of the consideration between Plaintiff and her counsel the total consideration paid by the Defendants ($8,500.00) shall remain the same and Plaintiff and her counsel shall promptly cooperate and reallocate the consideration due them in a manner that will be approved by the Court.

3.  **Voluntary Dismissal of Suit.**  The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the parties shall file a Joint Motion to Approve Settlement and Dismiss With Prejudice, each party bearing its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: JEANNE PAUL V. BEST BAKED GOODS, INC. d/b/a MAINSTREET GOURMET BAKERY, INC., ETC., ET AL, Case No.: 0:16-cv-60881-KMW, with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

4.  **Mutual Covenant of Confidentiality.**  The parties agree that the terms of this Agreement are strictly confidential and, except pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, directly or indirectly through others, without prior written approval of both Plaintiff's counsel and Defendants' counsel. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, Plaintiff shall provide notice to BEST BAKED GOODS, INC., JOHN T. GERECS, and EDWARD GERECS within three days of such requests, to permit BEST BAKED GOODS, INC., JOHN T. GERECS, and EDWARD GERECS to assert what rights are available to them. Nothing herein shall prevent Plaintiff from disclosing this Agreement to her spouse, immediate family, attorneys, accountants, tax preparers, or taxing authorities in order to report taxes.



5. **Indemnification**. Plaintiff acknowledges and agrees that she shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to Plaintiff's failure to pay taxes on any non-wage payments made under this Agreement. Plaintiff further represents that he and his legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier.

6. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

7. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and will not make any reference to this lawsuit or Plaintiff's claim for minimum and/or overtime wages.

BEST BAKED GOODS, INC., JOHN T. GERECS, and EDWARD GERECS agree that they will provide a neutral employment reference to any prospective employer of Plaintiff, disclosing solely her dates of work and job title. They shall not disclose that Plaintiff brought or threatened litigation against the Defendants.

8. **No Right of Future Employment**. Plaintiff agrees that she declines employment and shall not, at any time in the future, seek or accept employment or re-employment with BEST BAKED GOODS, INC., JOHN T. GERECS, and EDWARD GERECS, whether as an employee or independent contractor, and that any application made by Plaintiff may be rejected without liability to BEST BAKED GOODS, INC., JOHN T. GERECS, and EDWARD GERECS.

9. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law  The parties will request the U.S. District Court retain jurisdiction to enforce the terms of this Agreement. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Broward County, Florida.

10. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or



enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement.** In the event any action is commenced to enforce any material provision of this settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

14. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

15. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

The foregoing terms are agreed to by:

JEANNE PAUL

*Jeanne Paul*

Date: 6-23 2016

BEST BAKED GOODS, INC. d/b/a MANISTREET GOURMET BAKERY

By: *[signature]*
Name: John T Gerecas
Title: Pres
Date: 6/29/16

JOHN T. GERECS
By: *[signature]*
Date: 6/28/16

EDWARD GERECS
*[signature]*
Date: 6-28-16